# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HEIDI MACHACEK, LAURIE SHERIDAN,
SHELLY BARBER BROWN, and ERICA
PREWITT,

        Plaintiffs,

v.                                    Civ. No. 99-1082 JP/LFG-
ACE

MANUEL "MANNY" D. BUSTAMANTE, ROBERT
MURILLO, VICTOR BESERRA, JOHN HERRERA,
TIM ARNOLD, MIKE SISNEROS, THE CITY
OF ALBUQUERQUE, and BURNS INTERNATIONAL
INVESTIGATIONS SERVICES, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On March 1, 2000, Defendants filed a motion to dismiss Count IV of Plaintiffs'

complaint, brought under 42 U.S.C. §3601, for failure to state a claim for which relief can be

granted (Doc. No. 54). Having reviewed the pleadings, the briefs, and the applicable law, I

conclude that the motion should be granted.

## Background

While detained at the Bernalillo County Detention Center ("BCDC") in late 1997 and

early 1998, Plaintiffs participated in the DWI Detoxification/Treatment program ("Detox

program") for persons with substance abuse problems. Plaintiffs claim that Defendants sexually

assaulted and battered them during their treatment in the Detox program. Plaintiffs also claim that

when they reported the misconduct, they were removed from the program and denied any other equivalent treatment.  In Count IV, Plaintiffs seek compensatory and punitive damages under the Fair Housing Act, 42 U.S.C. §§3601 et seq. ("the Act"),  for alleged discrimination based on sex and sexual harassment.  Defendants argue that Count IV should be dismissed because Plaintiffs cannot establish the *prima facie* elements of a housing discrimination claim under the Act. Specifically, Defendants assert that the detention center is not a "dwelling" within the meaning of the Act.

## Standard of Review

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must liberally construe the pleadings, accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir. 1984).  The issue before a court considering  a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).   A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Thus, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.  *See Swanson*, 750 F.2d at 813.

**<u>Discussion</u>**

The Act prohibits discrimination against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (1988). The Act defines "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residency by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b) (1988). Although the Act does not define "residence," in *United States v. Hughes Memorial Home*, 396 F. Supp. 544, 549 (W.D. Va. 1975), the court applied Webster's Third New International Dictionary's definition of "residence." Under that definition, a "residence" is "a temporary or permanent dwelling place, abode or habitation to which one intends to return as distinguished from the place of temporary sojourn or transient visit." *Id.* Other courts have also used this approach in defining "residence" for determining what constitutes a "dwelling." *See e.g., United States v. Columbus Country Club,* 915 F.2d 877, 881 (3d Cir. 1990) (citing *Hughes* and applying the same definition.), *cert. denied*, 501 U.S. 1205 (1991).

Other courts that have addressed the issue of whether a particular structure falls within the meaning of "dwelling" have been consistent with the approach taken in *Hughes Memorial Home*. *See Lauer Farms, Inc. v. Waushara County Board of Adjustment*, 986 F. Supp. 544 (E.D. Wis. 1997); *Woods v. Foster*, 884 F. Supp. 1169 (N.D. Ill. 1995). In *Lauer Farms*, the court held that trailers in which an employer proposed to house seasonal migrant farm workers were considered dwellings even though the workers had other places to return to after the season. *See id*. In

reaching this conclusion the court stated, "[i]n short, because these structures would have been occupied by the migrant workers and their families for at least four to five months of the year, such structures would have been far more than mere places of temporary sojourn or transient visit." *Id.* at 558.

In *Woods* the court adopted the *Hughes Memorial* definition of residence and held that although a homeless shelter is not designed to be a place of permanent residence it is a dwelling for purposes of the Fair Housing Act. *Id.* at 1173. The court reasoned that the homeless shelter was a dwelling because "the homeless are not visitors or those on a temporary sojourn in the sense of motel guests" and because "it cannot be said that the people who live there do not intend to return [since] they have nowhere else to go." *Id.*; *Cf. Patel v. Holley House Motels*, 483 F. Supp. 374 (S.D. Ala. 1979) (holding that a motel is not a dwelling since it provides lodging for transient guests rather than for occupancy as a residence).

There is apparently no Tenth Circuit case deciding whether a place such as BCDC falls within the meaning of a "dwelling" for purposes of the Act. In a recent unpublished opinion from the District of New Mexico, *Gold v. Griego*, Civ. No. 99-1137 DJS/WWD, slip op. at 2 (D.N.M. Feb. 22, 2000), the court was confronted with the identical issue presented in this case. In *Gold*, Plaintiff alleged sexual assault as a pre-trial detainee at the San Miguel County Detention Center and claimed discrimination "on the basis of sex in the provision of services or facilities in connection with housing in violation of 42 U.S.C. § 3604." *Id.* at 1. The court noted that there was nothing in the language of the Act or its legislative history to support the proposition that the Act was intended to protect inmates in detention centers. *Id.* at 6. The court also stressed that the elements of choice and an intent to stay in the particular "residence" were a common thread in the cases where

particular places were found to be within the definition of a "dwelling." *Id*. at 4. The court ultimately concluded that a detention center did not fall within the statutory definition of "dwelling" and dismissed the claim asserted under the Act. *Id.* at 6.

In light of *Griego* and the other cases discussed above, I conclude that the BCDC does not fall within the Act's meaning of a "dwelling." Plaintiffs, therefore cannot establish the *prima facie* elements of a housing discrimination claim under the Fair Housing Act.

IT IS THEREFORE ORDERED THAT Defendant's motion should be granted.

UNITED STATES DISTRICT JUDGE